IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY VENEZIE, Individually, and on behalf of others similarly situated,<br>          Plaintiff,<br><br>vs<br><br>MBNA AMERICA BANK,<br>          Defendant. | **2:05cv1458**<br>**Electronic Filing**<br><br>Judge Cercone<br>Magistrate Judge Mitchell |

## **MEMORANDUM ORDER**

AND NOW, this 26th day of July, 2006, after the plaintiff filed a purported class action complaint in the above-captioned case, and after the defendant moved to compel arbitration and stay proceedings pending completion of arbitration, and after a Report and Recommendation was issued by the United States Magistrate Judge, and the parties were granted ten days after being served with a copy to file written objections thereto, and upon consideration of the objections filed by the plaintiff, as well as the defendant's response to those objections, and after independent review of the pleadings, and the Magistrate Judge's Report and Recommendation, which is adopted as the opinion of this Court as augmented herein,

IT IS ORDERED that the defendant's motion to compel arbitration and stay proceedings pending the completion of arbitration (Docket No. 12) is granted, and that the case will be administratively closed without prejudice to any party's rights to reopen it.

Plaintiff's objections are unavailing. First, generalized perceptions of the "corporate culture" of Delaware, its reputation as a "bastion of corporate wealth" and the "corporate friendly" nature of its laws fail to provide a competent basis to conclude that Delaware law conflicts with strong public policy interests in a manner that justifies excising the choice of law provision which the parties originally agreed to incorporate into their agreement.

Second, the court cannot assume that simply because the plaintiff must arbitrate the current dispute, the defendant will never be called upon to account for its TILA violations. TILA provides ample avenues for vindicating the rights of whose who have suffered harm from practices in violation of its requirements, including the recovery attorneys fees where

appropriate.

Third, there is no support for the notion that contractual modifications must be limited to matters "contemplated" in the original agreement under Pennsylvania law.

Finally, the inability to pursue class relief does not irreparably impair the plaintiff's right to recourse under TILA. See Johnson v. West Suburban Bank, 225 F.3d 366, 374 (3d Cir.2000) ("Because there is no irreconcilable conflict between arbitration and the goals of the TILA [Truth in Lending Act], we similarly hold that claims arising under the EFTA [Electronic Fund Transfer Act] may also be subject to arbitration notwithstanding the desire of a plaintiff who previously consented to arbitration to bring his or her claims as part of a class."); Snowden v. CheckPoint Check Cashing, 290 F.3d 631, 638 (4th Cir.2002) ("We also reject [the plaintiff's] argument that the Arbitration Agreement is unenforceable as unconscionable because without the class action vehicle, she will be unable to maintain her legal representation given the small amount of her individual damages.); Livingston v. Associates Fin., Inc., 339 F.3d 553, 559 (7th Cir.2003) ("[H]aving found the Arbitration Agreement enforceable we must give full force to its terms.... The Arbitration Agreement at issue here explicitly precludes ... class claims or pursuing 'class action arbitration' "); Randolph v. Green Tree Fin. Corp., 244 F.3d 814, 819 (11th Cir.2001) ("[W]e hold that a contractual provision to arbitrate TILA claims is enforceable even if it precludes a plaintiff from utilizing class action procedures in vindicating statutory rights under TILA.").

It follows that defendant's motion to compel arbitration properly is granted.

*David Stewart Cercone*
David Stewart Cercone
United States District Judge

cc: Honorable Robert C. Mitchell
United States Magistrate Judge

D. Aaron Rihn, Esquire
Peirce Law Offices
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Rhonda J. Sudina, Esquire
Robb Leonard & Mulvihill
2300 One Mellon Center
Pittsburgh, PA 15219

Mark P. Ladner, Esquire
Rachel M. Wertheimer, Esquire
Morrison & Foerster
1290 Avenue of the Americas
New York, NY 10104-0185